UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JACQUELINE EDDINS** | * | **CIVIL ACTION NO. 15-2370** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **CALANDRA A. DRAUGHN, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

**ORDER**

On September 15, 2015, defendants, Travelers Casualty Insurance Company of America (incorrectly named in the petition as "Travelers Commercial Insurance Company") (hereinafter, "Travelers") and Rent-A-Tire, L.P. ("Rent-A-Tire") removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. (Notice of Removal). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).

When, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant(s) may assert the amount in controversy in its notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); 28 U.S.C. § 1446(c)(2)(A). Here, however, the court questions whether the amount in controversy exceeded the jurisdictional minimum at the time of removal.[1]

---

[1] The court notes that plaintiff agreed that her claim exceeds $50,000 and that "Dr. Pierce Nunley" was concerned about the possibility of future surgery. (Notice of Removal, ¶ 12). However, it is still early in plaintiff's recovery, and the court is not persuaded that these

Accordingly, within the next 14 days from the date of this order, removing defendants shall file a memorandum, *together with supporting evidence*, sufficient to establish that the requisite jurisdictional amount was in controversy at the time of removal.  Plaintiff may submit a response (and evidence) within 7 days thereafter, as needed.  If defendants fail to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

The court further observes that the notice of removal does not identify the partners for defendant, Rent-A-Tire.  *See Carden v. Arkoma Associates*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021 (1990) (citizenship of a limited partnership is determined by the citizenship of all of the partners).[2]

Accordingly, within the next seven days from the date of this order, removing defendants are granted leave of court to file an amended notice of removal which establishes the citizenship of the parties for purposes of diversity.  *See* 28 U.S.C. §1653.  If defendants fail to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 23rd day of October 2015.

Karen L. Hayes
United States Magistrate Judge

---

allegations, even when combined with the damages allegations in the petition, suffice to establish requisite amount in controversy.

[2]  When, as here, jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'"  *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source).  This rule requires "strict adherence."  *Id*.  Plaintiff cannot traverse citizenship if defendants do not identify the partners.